1 | KINGSLEY & KINGSLEY, APC
GEORGE R. KINGSLEY, ESQ. SBN-38022
2 | ERIC B. KINGSLEY, ESQ.  SBN-185123          **E-Filed 11/5/2009**
eric@kingsleykingsley.com
3 | DARREN M. COHEN, ESQ.   SBN-221938
16133 VENTURA BL., SUITE 1200
4 | ENCINO, CA 91436
(818) 990-8300, FAX (818) 990-2903
5
CHARLES JOSEPH, ESQ. FED BAR #CJ-9442
6 | JOSEPH & HERZFELD LLP
757 THIRD AVENUE, 25TH FLOOR
7 | NEW YORK, NY 10017
(212) 688-5640; FAX (212) 688-2548
8 | Seeking Admission Pro Hac Vice

9 | MATTHEW D. BRINCKERHOFF ESQ. FED BAR #
EMERY CELLI BRINCKERHOFF & ABADY LLP
10 | 75 ROCKEFELLER PLAZA, 20th FLOOR
NEW YORK, NY 10019
11 | (212) 763-5000; FAX (212) 763-5001
Seeking Admission Pro Hac Vice
12
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| PHILIP M. CONTRERAS, on behalf of himself and all others similarly situated, | CASE NO.: CV 09-03405 PVT<br>ORDER APPROVING<br>STIPULATION TO STAY ACTION |
| Plaintiffs, | |
| v. | |
| PFIZER INC., a Delaware corporation, doing business in California as PFIZER PRODUCTS, INC.; and DOES 1 to 50, Inclusive, | |
| Defendants. | |

1

STIPULATION TO STAY ACTION

1  **THE PARTIES HEREBY STIPULATE AS FOLLOWS:**

2  **PLEASE TAKE NOTICE** that all parties desire to stay the proceedings in this action pending the outcome of three appeals that directly implicate the central issue in this case, i.e., whether pharmaceutical sales representatives are properly classified as exempt from Cal. Labor Code overtime requirements under either the outside sales or administrative exemptions. *See D'Este v. Bayer*, 07-56577, *Barnick v. Wyeth*, 07-56684, *Menes v. Roche*, 08-55286 (consolidated 9th Circuit appeals); *In Re Novartis Wage and Hour Litigation*, No. 09-0437 (2nd Cir.); and [Add J&J Case in 3d Circuit). A stay of this action pending a decision concerning the applicability of the outside sales and/or administrative exemptions under California law will promote efficiency and conserve the resources of the court and the parties.

On February 11, 2009, the Ninth Circuit Court of Appeals heard oral argument in the consolidated cases of *Menes v. Roche*, 08-55286, *D'Este v. Bayer*, 07-56577, and *Barnick v. Wyeth*, 07-56684. In all three appeals, the district courts had awarded summary judgment to defendants based on the outside sales exemption under California law.

On May 5, 2009, the Ninth Circuit certified two questions to the California Supreme Court, addressing both the outside sales and the administrative exemptions as applied to pharmaceutical representatives. On June 10, 2009, the California Supreme Court denied the Ninth Circuit's request. On July 15, 2009, the Ninth Circuit entered an order withdrawing *Menes v. Roche*, 08-55286, *D'Este v. Bayer*, 07-56577, and *Barnick v. Wyeth*, 07-56684 from submission pending issuance of the mandate in *Harris v. Superior Court*, No. 515655, review granted by 171 P.3d 545 (Cal. 2007). The consolidated cases will be resubmitted to the Ninth Circuit within twenty days of the California Supreme Court's decision in *Harris v. Superior Court*.

The Second Circuit Court of Appeals is also considering an appeal from a district court order awarding summary judgment to a defendant pharmaceutical company by concluding that pharmaceutical sales representatives are properly classified as exempt outside sales or administrative employees under the Fair Labor Standards Act as well

as New York and California law. *See In Re Novartis Wage and Hour Litigation*, 593 F.Supp.2d 697 (S.D.N.Y. 2009), *appeal pending*, No. 09-0437 (2nd Cir). The Plaintiffs/Appellants filed their opening brief on June 8, 2009. The Department of Labor filed an amicus brief in support of Plaintiffs/Appellants on October 14, 2009. Defendant/Appellee filed its brief on October 26, 2009.

Other federal district courts have stayed similar cases concerning the classification of pharmaceutical sales representatives pending appeals in related actions. *See Silverman v. GlaxoSmithKline PLC*, 06 cv 7272 DSF (C.D. Cal. Dec. 17, 2008) [Dkt. No. 188]; *Thorpe v. Abbott Laboratories, Inc.*, 5:07-cv-05672 RMW (N.D. Cal. Mar. 5, 2009) [Dkt. No. 54]. *See also Freeman v. Hoffman LaRoche Inc.*, 07-1503 JLL (D.N.J. Mar. 24, 2009) [Dkt. No. 110] (upon plaintiffs' unopposed motion to stay, district court administratively terminated the action subject to plaintiffs' right to request reinstatement within 60 days of final resolution of appeal); *Brody v. Astrazeneca Pharmaceuticals, LP,* 08-56120 (9th Cir. Mar. 3, 2009). Moreover, neither party would be prejudiced by a stay in this action.

Wherefore, the parties respectfully request that the Court approve this stipulation for a Stay of Proceedings, and continue the Joint Case Management Conference set for November 20, 2009 pending the resolution of one or both of the aforementioned appeals.

**IT IS SO STIPULATED**

DATED: October 30, 2009
KINGSLEY & KINGSLEY, APC

By: /s/
ERIC B. KINGSLEY
Attorney for Plaintiff

DATED: October 30, 2009
LITTLER MENDELSON

By: /s/
TODD K. BOYER
JAMES N. BOUDREAU
Attorneys for Defendants

IT IS SO ORDERED.

DATED: 11/5/2009

JEREMY FOGEL
United States District Judge

3

STIPULATION TO STAY ACTION