1  **KINGSLEY & KINGSLEY, APC**
   **GEORGE R. KINGSLEY, ESQ. SBN-38022**
2  **ERIC B. KINGSLEY, ESQ.   SBN-185123**
   *eric@kingsleykingsley.com*
3  **16133 VENTURA BL., SUITE 1200**
   **ENCINO, CA 91436**
4  **(818) 990-8300, FAX (818) 990-2903**

5  **CHARLES JOSEPH, ESQ. FED BAR #CJ-9442**
   **JOSEPH & HERZFELD LLP**
6  **233 BROADWAY, 5TH FLOOR**
   **NEW YORK, NY 10279**
7  **(212) 688-5640; FAX (212) 688-2548**
   **Seeking Admission Pro Hac Vice**
8
   **MATTHEW D. BRINCKERHOFF ESQ. FED BAR #**
9  **EMERY CELLI BRINCKERHOFF & ABADY LLP**
   **75 ROCKEFELLER PLAZA, 20th FLOOR**
10 **NEW YORK, NY 10019**
   **(212) 763-5000; FAX (212) 763-5001**
11 **Seeking Admission Pro Hac Vice**

12 **Attorneys for Plaintiffs**

13

14

15                    UNITED STATES DISTRICT COURT

16         NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

17

18 PHILIP M. CONTRERAS, on               )   CASE NO.: CV 09-3405-JF
   behalf of himself and all others      )
19 similarly situated,                   )   STIPULATION TO STAY ACTION
                                         )    AND ORDER
20           Plaintiffs,                 )
                                         )
21     v.                                )
                                         )
22 PFIZER INC., a Delaware               )
23 corporation, doing business in        )
   California as PFIZER PRODUCTS,        )
24 INC.; and DOES 1 to 50, Inclusive,    )
                                         )
25           Defendants.                 )
26 _____        )

27

28

                                    1
_____
                      STIPULATION TO STAY ACTION

**THE PARTIES HEREBY STIPULATE AS FOLLOWS:**

**PLEASE TAKE NOTICE** that all parties desire to stay the proceedings in this action pending the outcome of three appeals that directly implicate the central issue in this case, i.e., whether pharmaceutical sales representatives are properly classified as exempt from Cal. Labor Code overtime requirements under either the outside sales or administrative exemptions. *See D'Este v. Bayer*, 07-56577, *Barnick v. Wyeth,* 07-56684, *Menes v. Roche*, 08-55286 (consolidated 9th Circuit appeals); *In Re Novartis Wage and Hour Litigation*, No. 09-0437 (2nd Cir.). A stay of this action pending a decision concerning the applicability of the outside sales and/or administrative exemptions under California and federal law will promote efficiency and conserve the resources of the court and the parties.

On February 11, 2009, the Ninth Circuit Court of Appeals heard oral argument in the consolidated cases of *Menes v. Roche*, 08-55286, *D'Este v. Bayer*, 07-56577, and *Barnick v. Wyeth*, 07-56684. In all three appeals, the district courts had awarded summary judgment to defendants based on the outside sales exemption under California law.

On May 5, 2009, the Ninth Circuit certified two questions to the California Supreme Court, addressing both the outside sales and the administrative exemptions as applied to pharmaceutical representatives. On June 10, 2009, the California Supreme Court denied the Ninth Circuit's request. On July 15, 2009, the Ninth Circuit entered an order withdrawing *Menes v. Roche*, 08-55286, *D'Este v. Bayer*, 07-56577, and *Barnick v. Wyeth*, 07-56684 from submission pending issuance of the mandate in *Harris v. Superior Court*, No. 515655, review granted by 171 P.3d 545 (Cal. 2007). The consolidated cases will be resubmitted to the Ninth Circuit within twenty days of the California Supreme Court's decision in *Harris v. Superior Court*.

2
STIPULATION TO STAY ACTION

On July 6, 2010, the Second Circuit Court of Appeals issued an opinion in *In Re Novartis Wage and Hour Litigation*, No. 09-0437 (2nd Cir.), 611 F.3d 141 (2010). This case involves the applicability of the outside sales exemption and the administrative exemption to pharmaceutical representatives under the Fair Labor and Standards Act ("FLSA"), New York state law, and California state law. The Ninth Circuit looking at an issue of federal law recently ruled that sales exemption applied to pharmaceutical sales reps *Christopher v. Smith Kline & Beecham* (9th Cir. 2011) 635 F.3d 383. Plaintiff are in the process of filing a writ of certiorari to the United States Supreme Court.

The Second Circuit held that the pharmaceutical representatives were not exempt under the outside sales exemption or the administrative exemption. The bulk of the Court's analysis relied on the exemptions under the FLSA. However, the Second Circuit went on to note that the overtime wage requirements of "New York law and California law are not meaningfully different from the requirements of the FLSA." *In re Novartis Wage & Hour Litigation.,* 09-0437-CV, 2010 WL 2667337 *15 (2d Cir. July 6, 2010). The defendant filed a Petition for Review to the United States Supreme Court, which was denied on February 28, 2011. See *Novartis Pharmaceuticals Corp. v. Lopes*, 131 S.CT. 1568 (2011).

The decision in *In re Novartis Wage & Hour Litig*ation, is obviously not binding on this Court. However, in the interest of providing this Court with a full status report of the state of the law regarding the core issues in this case, Plaintiff felt it was necessary to provide the Court with this information.

Other federal district courts have stayed similar cases concerning the classification of pharmaceutical sales representatives pending appeals in related actions. *See Silverman v. GlaxoSmithKline PLC*, 06 cv 7272 DSF (C.D. Cal. Dec. 17, 2008) [Dkt. No. 188]; *Thorpe v. Abbott Laboratories, Inc.*, 5:07-cv-05672 RMW

(N.D. Cal. Mar. 5, 2009) [Dkt. No. 54]. *Brody v. Astrazeneca Pharmaceuticals, LP,* 08-56120 (9th Cir. Mar. 3, 2009). Moreover, neither party would be prejudiced by a stay in this action.

Wherefore, the parties respectfully request that the Court approve this stipulation for a Stay of Proceedings, and continue the Status Conference set for August 19, 2011, pending the resolution of one or both of the aforementioned appeals.

**IT IS SO STIPULATED**

DATED: August 12, 2011

KINGSLEY & KINGSLEY, APC

By: /s/ Eric B. Kingsley
    ERIC B. KINGSLEY
    Attorney for Plaintiff

DATED: August 12, 2011

LITTLER MENDELSON

By: /s/ Kimberly J. Gost
    PHILIP A. SIMPKINS
    KIMBERLY J. GOST
    (Admitted *pro hac vice*)
    Attorneys for Defendants

IT IS SO ORDERED.  The status conference is continued to 2/24/12.

DATED: 8/16/11

JEREMY FOGEL
UNITED STATES DISTRICT JUDGE

STIPULATION TO STAY ACTION